IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TAMMY T. HOWARD**                                                                **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 1:13CV543-KS-MTP**

**ABN AMRO MORTGAGE GROUP, INC.;**
**CITIMORTGAGE, INC.; FEDERAL HOME LOAN**
**BANK CHICAGO C/O WELLS FARGO; and**
**JOHN DOES 1-10**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions: (1) Defendants CitiMortgage, Inc. ("CitiMortgage") and ABN AMRO Mortgage Group, Inc.'s ("ABN") Motion to Dismiss [7]; and (2) Defendants Federal Home Loan Bank Chicago c/o Wells Fargo ("FHLB") and Wells Fargo's Motion to Dismiss [9]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that FHLB and Wells Fargo's Motion to Dismiss [9] should be granted, and that CitiMortgage and ABN's Motion to Dismiss [7] should be granted in part and denied in part.

## BACKGROUND

Plaintiff Tammy T. Howard is the owner of certain real property located in Greene County, Mississippi (the "Subject Property"). On November 24, 2003, Plaintiff and her husband, John W. Howard, executed a Note [7-1] and Deed of Trust [7-2], encumbering the Subject Property, in order to secure a loan in the amount of $128,000.00. ABN is listed as the "Lender" under the Note and Deed of Trust. In 2007, ABN and CitiMortgage merged with only CitiMortgage surviving the merger. (*See* Miss. Sec'y of

State Filings [1-2].)[1]  In August of that same year, Plaintiff and her husband received a letter stating that the servicing of their mortgage loan was being transferred from ABN to CitiMortage, and that future loan payments should be forwarded to CitiMortgage.  (*See* August 10, 2007 Letter [7-3].)

On June 24, 2013, Plaintiff filed suit against ABN, CitiMortgage, FHLB, and Wells Fargo in the Circuit Court of Greene County, Mississippi, alleging numerous claims relating to the mortgage loan.  (*See* Compl. [1-1 at ECF p. 8].)  The Complaint, which is far from a model of clarity as to the specific claims alleged or the conduct of each Defendant giving rise to the Plaintiff's various allegations of wrongdoing, appears to assert the following causes of action:  breach of contract; breach of the covenant of good faith and fair dealing; fraud; negligence; breach of fiduciary duty; failure to adequately evaluate Plaintiff's loan for a Home Affordable Modification Program ("HAMP") modification;[2] violation of the Fair Debt Collection Practices Act; violation of the Real Estate Settlement Procedures Act; negligent credit reporting; and conspiracy.  The Complaint states that the Plaintiff executed the Note and Deed of Trust in favor of ABN; identifies CitiMortgage as the master servicer of the Plaintiff's mortgage; and alleges, "[u]pon information and belief," that FHLB and Wells Fargo are "the investor of the Note and Deed of Trust".  (*See* Compl. [1-1 at ECF pp. 9, 11].)  Plaintiff seeks monetary relief and requests that the "Defendants be ordered to surrender the subject

---

[1] *Also available at* https://business.sos.state.ms.us/imaging/30740893.pdf.

[2] HAMP is a federal program designed to assist homeowners who have defaulted on their mortgages, or who are at risk of defaulting, by providing financial incentives to mortgage servicers and lenders to lower mortgage payments through the modification of eligible loans.  *See United States v. Morrison*, 713 F.3d 271, 274 (5th Cir. 2013).

property . . . ." (Compl. [1-1 at ECF p. 21].) Plaintiff further prays that she "be entitled to strip this mortgage." (Compl. [1-1 at ECF p. 21].)

On July 29, 2013, CitiMortgage and ABN removed the proceeding to this Court. (*See* Notice of Removal [1].) Subject matter jurisdiction is asserted on the basis of federal question, diversity of citizenship, and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1367. On August 26, 2013, Wells Fargo and FHLB joined in and consented to the removal. (*See* Doc. Nos. [5], [6].) The Defendants filed their respective dismissal motions the following day, on August 27.

## **DISCUSSION**

I. **Wells Fargo and FHLB's Motion to Dismiss [9]**

Wells Fargo and FHLB seek dismissal of the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of*

*Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation."  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).  A court may consider matters of public record and documents that are referenced in the complaint and central to the plaintiff's claim in deciding a Rule 12(b)(6) motion.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citations omitted).

      Wells Fargo and FHLB argue that the Complaint fails to state a claim against them on the following basis:

> Plaintiff has not levied a single factual allegation pertaining to these Defendants.  Indeed, while Plaintiff asserts a morass of conclusory allegations directed toward unidentified "servicers" and "Defendants" generally, the Complaint contains only a single sentence naming FHLBC or Wells Fargo: "Upon information and belief, the investor of the Note and Deed of Trust is Federal Home Loan Bank - Chicago C/O Wells Fargo." (Compl. ¶ 9.)

(Wells Fargo and FHLB's Brief in Supp. of Mot. to Dismiss [10] at p. 1.)  The Court agrees with this argument.  Most of the averments in the Complaint that can be construed as asserting facts, as opposed to inoperative legal conclusions, are aimed at CitiMortgage or the "servicers".  The Complaint is devoid of well-pleaded allegations leading to the plausible inference that FHLB and Wells Fargo, as "investor[s]" in the

Note and Deed of Trust, are one and the same as CitiMortgage or "servicers" of the Plaintiff's loan.  Plaintiff's numerous conclusory assertions of wrongdoing against all of the "Defendants" are also insufficient.  For example, paragraph 45 of the Complaint asserts that "[t]he Defendants failed to adequately evaluate and determine Plaintiff's eligibility for loan modification as required [by] . . . . [HAMP] and other programs such as the National Mortgage Settlement Program."  (Compl. [1-1 at ECF pp. 17-18].)  The previous forty-four (44) paragraphs of the Complaint do not discuss any requests for loan modification made by the Plaintiff to Wells Fargo or FHLB.  Instead, Plaintiff claims that "CMI [CitiMortgage] has denied every such request for modification . . . ."  (Compl. [1-1 at ECF p. 14].)  Paragraph 51 of the Complaint alleges that "[t]he Defendants have been negligent in their handling of the Plaintiff's mortgage, their servicing of the Plaintiff's mortgage, [sic] in failing to make disclosures related to the Plaintiff's mortgage, as discussed above and as may be shown through the course of discovery."  (Compl. [1-1 at ECF p. 19].)  The previous fifty (50) paragraphs of the Complaint neither evidence any handling or servicing of the Plaintiff's mortgage by Wells Fargo or FHLB, nor lead to the reasonable inference that these Defendants were required to make any disclosures to the Plaintiff related to the mortgage.  The Court could go on, but the pattern is the same.  The Complaint makes passing references to various wrongs committed by the "Defendants," but fails to present any factual content tying FHLB or Well Fargo to the alleged acts or omissions.

The Supreme Court has held that "a naked assertion of" wrongdoing devoid of "further factual enhancement" falls short of the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  *Twombly*, 550 U.S. at 557.  Similarly, the Fifth Circuit has

provided that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citing *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165-66 (5th Cir. 1999)).  It necessarily follows that the Plaintiff's "conclusory allegations against all 'defendants'" fail to state a claim upon which relief can be granted as to FHLB and Wells Fargo.  *Bunton v. Corr. Corp. of Am.*, No. 4:04cv354, 2007 WL 2077690, at *3 (N.D. Miss. July 11, 2007) (finding dismissal appropriate in the absence of factual allegations pertaining to a particular defendant); *cf. Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (holding that the plaintiffs' non-fact specific assertions of wrongdoing as to all defendants failed to establish a possibility of recovery against a non-diverse defendant in determining fraudulent joinder); *Banger v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 638 (S.D. Miss. 2002) (same).

Plaintiff's opposition to dismissal focuses on the possibility that facts revealed in discovery will support her "good faith belief" that all Defendants have a contractual relationship resulting in shared liability on her claims:

> At bottom, although the discovery phase in this case is, at best, in its infancy, Plaintiff has a good faith belief that the Defendants herein have a contractual relationship with one another, and, therefore, share liability with respect to the Plaintiff's claims. Given the substantial complexity in the area of mortgage ownership and servicing, Plaintiff has difficulty at this time articulating those relationships between the individual Defendants in this case. As such, Plaintiff will seek such information during the discovery phase of this case.

(Pl.'s Mem. Resp. in Opp. to Mot. to Dismiss [15] at p. 7.)  It is one thing to believe that

a contract between two entities contains a provision requiring one to indemnify or hold the other harmless for certain acts or omissions.  It is another matter altogether to speculate that a contract exists between four entities and that the mere existence of the contract results in shared liability for a third-party's claims.  The law presumes corporate separateness, not corporate unity.  *See, e.g.*, *Coombs v. Unique Refinishers, Inc.*, No. 2:12cv102, 2013 WL 1319773, at *5 (N.D. Miss. Mar. 27, 2013); *Murdock v. Acceptance Corp. v. Adcox*, 245 Miss. 151, 138 So. 2d 890, 895-96 (Miss. 1962).  Plaintiff's "speculative" belief that a contract exists among all of the Defendants and that the contract results in each of them being held liable on her claims is not well taken.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 210; *see also Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (declining to accept as true, for purposes of Rule 12(b)(6), an allegation stated "upon information and belief" in the absence of sufficient facts lending plausibility to the allegation), *cert. denied*, 133 S. Ct. 1752 (2013).

      For the above-discussed reasons, the Court also finds the Complaint lacking in facts sufficient "'to raise a reasonable expectation that discovery will reveal evidence of'" an agreement under which Wells Fargo or FHLB may be held liable to the Plaintiff.  *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.  Therefore, the Plaintiff's claims against Wells Fargo and FHLB will be dismissed without prejudice for failure to state a claim.

**II.**     **CitiMortgage and ABN's Motion to Dismiss [7]**

CitiMortgage and ABN (hereinafter collectively referred to as "CitiMortgage") seek dismissal of the Plaintiff's claims pursuant to Rule 12(b)(6) and (7). The Court initially addresses CitiMortgage's contention that the Complaint should be dismissed due to the Plaintiff's failure to join her husband, John W. Howard, as a party. Rule 12(b)(7) authorizes dismissal for "failure to join a party under Rule 19." Rule 19 provides for the joinder of persons in order to secure the fair and complete disposition of all matters central to a lawsuit. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). A Rule 19 analysis involves two inquiries. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the district court must consider whether a person should be joined as a party under Rule 19(a). *Id.* "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Id.*

> A party must be joined under Rule 19(a) if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). "The inquiry

contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court." *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007) (citation omitted); *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1604 (3d ed.) (providing that there is no precise formula for deciding whether joinder is required under Rule 19(a) and that determinations under the Rule are heavily influenced by the particulars of individual cases). Federal law controls the question of joinder whether jurisdiction is founded on diversity of citizenship or a federal question. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968). However, where state causes of action are at issue, a court may look to state law in determining whether an outside party has a sufficient interest in a controversy to require his or her joinder. *See, e.g., Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 231 (5th Cir. 2009); *Shell W. E & P Inc. v. Dupont*, 152 F.R.D. 82, 85 (M.D. La. 1993).

CitiMortgage argues that the Plaintiff's husband is a necessary party because he is a joint owner of the Subject Property and a co-obligor on the Note [7-1] and Deed of Trust [7-2]. Plaintiff does not dispute that her husband must be joined in this action. Instead, she argues that CitiMortgage's request for dismissal is without merit because Mr. Howard has yet to refuse any order requiring his joinder. The Court agrees with CitiMortgage's argument that Mr. Howard is a necessary party, and with the Plaintiff's response that an order of dismissal based on Mr. Howard's absence would be premature at this time.

The Mississippi Supreme Court has held "that no proper and complete adjudication of this dispute involving real property could be made in absence of the

persons owning interests in the property affected." *Aldridge v. Aldridge*, 527 So. 2d 96, 98 (Miss. 1988) (finding that the trial court erred in proceeding on a suit to impose a lien against real property without the presence of the property owners and the mortgagee); *see also Ladner v. Quality Exploration Co.*, 505 So. 2d 288, 291-92 (Miss. 1987) (affirming dismissal of a claim seeking damages for trespass and conversion due to plaintiffs' failure to join all mineral interest holders); *Armstrong v. Canady*, 35 So. 138 (Miss. 1903) (applying the general rule that "[t]enants in common must join in actions ex delicto and for injuries to their real property" in an action seeking statutory penalties for a timber trespass) (citation omitted). There are several analogous federal authorities. *See, e.g.*, *Clark v. Deutsche Bank Nat'l Trust Co.*, No. 2:12cv231, 2013 WL 3821568, at *6 (S.D. Miss. July 23, 2013) (holding that the plaintiff's ex-wife, as a co-owner of property and co-borrower on several mortgages, was a necessary party in a suit alleging slander of title, wrongful foreclosure, and private nuisance); *Dupont*, 152 F.R.D. at 85 (finding that co-owners of real property were persons who must be joined under Rule 19(a) in an action seeking a declaration of an oil company's right under a mineral lease to conduct operations on the property); *Weaver v. Mid-Century Ins. Co. of Los Angeles, Cal.*, 690 F. Supp. 845, 846 (E.D. Mo. 1988) (determining that plaintiff's ex-husband was a necessary party to a quiet title action since he remained liable on a promissory note encumbering real property); *cf. Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983) (affirming the district court's ruling that a co-lessee was a necessary party, but not indispensable to the lawsuit).

The preceding authorities militate in favor of John W. Howard's addition to the litigation pursuant to Rule 19(a). Part of the relief sought by the Plaintiff is an order

entitling her to strip the mortgage, requiring the Defendants to surrender the Subject Property, and prohibiting the Defendants from transferring or selling the Subject Property.  Given Mr. Howard's joint ownership of the Subject Property and co-borrower status under the Note [7-1] and Deed of Trust [7-2], CitiMortgage could be exposed to multiple or inconsistent obligations if he were to bring his own suit relating to the mortgage and Subject Property.  *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).  Such a result would also mean that "complete relief" cannot be afforded to each of the "existing parties" in this cause in Mr. Howard's absence.  Fed. R. Civ. P. 19(a)(1)(A).  Alternatively, Mr. Howard's ability to protect his interests in a separate action may be impaired or impeded if he is found to be in privity with the Plaintiff due to his execution of the aforementioned legal instruments.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

     CitiMortgage has failed to show that Mr. Howard's joinder is not feasible, i.e., that his joinder would destroy the Court's subject matter jurisdiction or that he is not subject to service of process.  Accordingly, it is unnecessary for the Court to decide whether to dismiss the action or to allow it to proceed without Mr. Howard under Rule 19(b).  *Cf. In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig.*, 864 F. Supp. 2d 451, 456 (E.D. La. 2012) ("Because joinder of AT & T clearly was feasible before Plaintiffs voluntarily dismissed it, there is no need to engage in analysis under Rule 19(b).").  Instead, the Court will order that Mr. Howard be made a party to this action pursuant to Rule 19(a)(2).[3]

---

[3] "If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

CitiMortgage's Rule 12(b)(6) request for dismissal is denied without prejudice. Unlike the Plaintiff's allegations of wrongdoing against FHLB and Wells Fargo, the Complaint does allege facts specifically pertaining to CitiMortgage. In addition, CitiMortgage raises arguments in favor of dismissal, which, if accepted, would conclusively resolve certain of the Plaintiff's claims. For example, CitiMortgage argues that the Plaintiff's claim for breach of an oral agreement and allegations of fraud are time-barred. Dismissal with prejudice results when a cause of action is dismissed pursuant to a statute of limitations defense. *See, e.g.*, *Pou v. Neshoba County Gen. Hosp. Nursing Home*, No. 3:13cv916, 2014 WL 585961, at *3 (S.D. Miss. Feb. 14, 2014); *Copiah County Sch. Dist. v. Buckner*, 61 So. 3d 162, 171 (¶ 32) (Miss. 2011). CitiMortgage also posits that the Plaintiff's "claims related to HAMP should be dismissed with prejudice." (CitiMortgage's Brief in Supp. of Mot. to Dismiss [8] at p. 16.) The Court finds that "[r]esolution of these merits-based defenses would be premature in the absence of . . . [Mr. Howard] given h[is] interest in this matter." *Clark*, 2013 WL 3821568, at *7.[4] Further, the Court should be in a better position to determine the sufficiency of the Plaintiff's claims once Mr. Howard has been given an opportunity to join the litigation and plead averments given the joint interests of the Plaintiff and Mr. Howard in the Subject Property. *See Bachner + Co. v. White Rose Food, Inc.*, No. 09-2640, 2010 WL 1049847, at *4 (D.N.J. Mar. 17, 2010) (ordering joinder pursuant to Rule

---

[4] *Cf. Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 212 n.14 (Fed. Cl. 2011) ("Logic suggests that the concerns raised under RCFC 19(a)—that the court might not be able to accord complete relief among existing parties or that the absentee's ability to protect its interests may be impaired or impeded by a ruling—ought to be resolved before the court resolves any issues on the merits.") (citations omitted).

19(a), while deferring ruling on the defendants' requests for dismissal under Rule 12(b)(6)). CitiMortgage may re-urge its failure to state a claim contentions once the issue of Mr. Howard's joinder is resolved.

## **CONCLUSION**

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that Wells Fargo and FHLB's Motion to Dismiss [9] is granted and these Defendants are dismissed from this cause without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that CitiMortgage and ABN's Motion to Dismiss [7] is granted in part and denied in part. The motion is granted to the extent the Court concludes that the Plaintiff has failed to join a necessary party under Fed. R. Civ. P. 19(a) and that within twenty-one (21) days of the entry of this Order the Plaintiff shall either: (1) join John W. Howard to this action through the filing of an amended complaint; or (2) advise the Court in writing why Mr. Howard cannot be joined (in which case the Court will determine whether dismissal is appropriate pursuant to Rules 12(b)(7) and 19(b)). The motion is denied in all other respects.

SO ORDERED AND ADJUDGED this the 26th day of March, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE